## No. 87.—Samuel N. Papot vs. James Gibson.

[1.] Only so much of the record below will be required as is necessary to a proper hearing and determination of the cause in this Court.

[2.] This Court will hear a cause upon a case made.

A motion was made to dismiss this writ of error, on the ground that the Clerk had not sent up a *complete* transcript of the record, as required by law. The transcript had the certificate of the Clerk, that it was a "true extract from the minutes and records of the Court below."

R. Hardeman, for the motion.

Marsh and Harden, contra.

*By the Court.*—Lumpkin, J.

[1.] The Act organizing this Court, requires that "a complete transcript of the entire record" of the cause below should be certified and sent up to this Court. To save labor and expense, we have so far relaxed this provision, (perhaps improvidently,) as to insist upon so much of the record, only, as was necessary to a proper hearing and determination of the cause here. To require the Clerk, therefore, to certify that the transcript sent up is "a complete record of the entire proceedings," would be in effect to abrogate the XVIII. Rule, to which I have just alluded. If the "*extract*" contains all that is *necessary* to a proper understanding and correct adjudication of the points made in the bill of exceptions, it is sufficient.

[2.] It would greatly curtail the cost of cases, if counsel would bring them up on a case stated. The Court below having pronounced its judgment, a bill of exceptions is made out and presented, setting forth merely the points decided, and which are alleged to be erroneous. The presiding Judge certifies to the decision, and if the whole, or any portion of the evidence is necessary to the elucidation of the questions of law, this, also, should be embodied in the statement and agreed upon; and this course would not only cheapen litigation and simplify the pleadings, so as to save much time in the appellate Court, but it would possess the additional advantage of presenting, with much more accuracy

and precision, the questions to be reviewed. The case of *Holcombe vs. Tuffts*, argued at this term, being a writ of error upon a proceeding in Chancery in the Circuit Court, the reading of the pleadings alone, in the Court below, occupied *one hour*, when the single point to be considered was the construction of several clauses in a marriage settlement.